UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES VASQUEZ, </br> Plaintiff, </br> v. </br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, </br> Defendant. | SACV 17-435-AGR </br></br> MEMORANDUM OPINION AND ORDER |

Plaintiff filed this action on March 13, 2017. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 15.) On September 8, 2017, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for reconsideration of Vasquez's residual functional capacity and the opinions of Dr. Waraich and Dr. Banger.

# I.

# **PROCEDURAL BACKGROUND**

Vasquez filed an application for disability insurance benefits on October 18, 2013, and alleged an onset date of April 30, 2013. Administrative Record ("AR") 11. The application was denied initially and on reconsideration. AR 11, 63, 79. Vasquez requested a hearing before an Administrative Law Judge ("ALJ"). On May 20, 2015, the ALJ conducted a hearing at which Vasquez and a vocational expert testified. AR 25-51. On July 8, 2015, the ALJ issued a decision denying benefits. AR 8-19. On January 24, 2017, the Appeals Council denied the request for review. AR 1-5. This action followed.

# II.

# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Vasquez met the insured status requirements through December 31, 2018. AR 13. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Vasquez had the severe impairment of fibromyalgia. AR 13.

The ALJ found that Vasquez had the residual functional capacity ("RFC") to perform light work. He can lift/carry 20 pounds occasionally and 10 pounds frequently; sit, stand and walk six hours in an eight-hour workday; frequently climb, balance, stoop, kneel, crouch, crawl, and use ladders, ropes, or scaffolds; and frequently handle, finger and grasp bilaterally. Vasquez must avoid exposure to extreme cold. AR 15-16. He is capable of performing past relevant work as an assembly supervisor. AR 18.

## C. Treating Physician

Vasquez argues that the ALJ erred in discounting the opinion of his treating rheumatologist, Dr. Waraich.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a medically acceptable treating source, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When the treating physician's opinion is contradicted, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record to reject the opinion. The ALJ must provide a thorough summary of the conflicting clinical evidence, state his or her interpretation and make findings. *Orn*, 495 F.3d at 632.

In a medical source statement dated June 2, 2014, Dr. Waraich opined Vasquez could occasionally lift 10 pounds and could not frequently lift weight even less than 10 pounds. He could sit for four hours and stand/walk a combined two hours in an eight-hour workday with the ability to alternate sitting and standing. He could never climb or crawl; could infrequently kneel, crouch, stoop and bend; and could frequently balance. These limitations were supported by 18/18 classic fibromyalgia tender points, hyperalgesia, allodynia, fatigue and obvious distress. Vasquez could reach, handle and finger less than two hours in an eight hour workday due to painful, limited range of motion in the fingers, wrists, shoulders and neck. He was limited in his ability to work in hazardous conditions given poor concentration and mental fogginess. Vasquez's limitations commenced May 1, 2013. AR 537-38.

The ALJ gave little weight to Dr. Waraich's opinions in the medical source statement because (1) the opinions were inconsistent with "minimal findings" in his treatment records; (2) Dr. Waraich subsequently opined that he did not know if Vasquez had an impairment that definitely kept him from working; and (3) Dr. Waraich's treatment records indicated that the opinions on functional limitations reflected patient accommodation instead of objective opinion. AR 17-18. Although he also gave little weight to the opinion of the examining physician that Vasquez was capable of medium

work, the ALJ gave weight to the examining physician's manipulative, postural and environmental limitations. AR 18.

The ALJ's finding of inconsistency is not supported by substantial evidence in the record. Vasquez complained of joint pain after treatment for prostate cancer. AR 290 ("feels like nails in the joints"). Vasquez was sent to Dr. Waraich for a rheumatology consult in December 2012. AR 304. Dr. Waraich observed that Vasquez's symptoms were consistent with inflammatory polyarthritis but he found no evidence of synovitis. Vasquez had 12/18 fibromyalgia tender points, mild right lateral epicondylitis greater than the left, significant fatigue and pain in multiple joints/muscles. Dr. Waraich ordered tests and prednisone. AR 397. On January 14, 2013, Dr. Waraich noted distress, hyperalgesia, allodynia and 16/18 fibromyalgia tender points. AR 417.

On May 1, 2013, the date Dr. Waraich opined that Vasquez's limitations began (AR 538), Dr. Waraich diagnosed fibromyalgia (729.1), hyperalgesia and allodynia, and noted Vasquez's pain was worse. Dr. Waraich suspected that Vasquez's job as a supervisor of assembly work may have contributed to his deterioration. Dr. Waraich prescribed medications and four months of temporary disability. AR 395, 412. On July 12, 2013, Vasquez had tenderness and limited range of motion of the shoulders, hips and knees. AR 409. Dr. Waraich increased his medication, prescribed increased exercise and extended disability. Dr. Waraich felt Vasquez was not exaggerating or malingering. AR 393. As of August 29, 2013, Dr. Waraich's notes indicate he would support permanent disability "given the severity of his arthritis." AR 388. On September 4, 2013, Dr. Waraich noted that Vasquez had not made progress despite multiple medications. AR 392. On October 25, 2013, Dr. Waraich noted distress, hyperalgesia, allodynia, diffuse weakness, tenderness of the neck, shoulders, elbows, wrists, hands, hips, knees, ankles and feet. Dr. Waraich diagnosed fibromyalgia, joint pain (719.49), weakness and fatigue. He increased medication and prescribed stretching and continued walking. AR 391, 404. Although a conflict with treating notes

may constitute a specific and legitimate reason to discount a treating physician's opinion, the treatment notes, "read in context of the overall diagnostic picture," reflect that Vasquez continued to have serious symptoms not relieved by medications. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014).

The ALJ's second reason is not supported by substantial evidence in the record. Dr. Waraich's note on July 19, 2014 indicated that his primary diagnosis was fibromyalgia "but I'm not 100% sure." Dr. Waraich noted that Vasquez had no response to prednisone, flexeril or lyrica. "I don't think he's malingering or faking but I don't know if he has an impairment that definitely restricts him from working." Dr. Waraich anticipated that Vasquez's condition would last more than 12 months "for sure." AR 497. As the ALJ noted, a treating physician's opinion as to the ultimate determination of disability is not binding on the ALJ. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). "A treating physician's evaluation of a patient's ability to work may be useful or suggestive of useful information, but a treating physician ordinarily does not consult a vocational expert or have the expertise of one. . . . A disability is an administrative determination of how an impairment, in relation to education, age, technological, economic, and social factors, affects ability to engage in gainful activity. . . . The law reserves the disability determination to the Commissioner." *Id.* (footnote omitted). Accordingly, Dr. Waraich's statement that he did not know whether Vasquez's condition "definitely" restricts him from working is consistent with the law and does not justify discounting his opinions. Dr. Waraich's subsequent treating notes continued to reflect prolonged stiffness, hand synovitis and abdominal pain as a side effect of the medications.[2] AR 535.

The ALJ's third reason for discounting Dr. Waraich's opinion also is not supported by substantial evidence. Not surprisingly, Dr. Waraich's treatment notes contain a

---

[2] As the ALJ noted, Vasquez was also hospitalized in March 2015 for being "very anemic" and received three pints of blood. AR 543.

section for patient's complaints. However, the treatment notes also contain sections for Dr. Waraich's examination findings, including tender points, range of motion and strength. *E.g.*, AR 404, 409, 412, 417. Dr. Waraich's opinion regarding Vasquez's lift/carry restrictions, which effectively limit Vasquez to sedentary work, do not appear to be based on Vasquez's subjective complaints as reflected in the treatment notes.

### D. Examining Psychiatrist

Vasquez further contends that the ALJ improperly rejected the opinion of Dr. Banger, the examining psychiatrist.

Dr. Banger conducted a psychiatric examination of Vasquez on August 11, 2014. AR 521-24. He opined that Vasquez was moderately limited in carrying out detailed instructions "due to difficulty focusing on task" and in responding to work pressure. Vasquez was mildly limited in other work functions. AR 524.

An ALJ may reject the uncontradicted opinions of an examining psychiatrist if he or she provides clear and convincing reasons supported by substantial evidence in the record. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). Although the ALJ did not expressly discuss Dr. Banger's opinions in the context of his residual functional capacity assessment, the ALJ noted that Vasquez alleged problems with difficulty concentrating, focusing and maintaining attention, and Dr. Banger "noted some corresponding deficits on examination." AR 14. The ALJ found only mild limitation in maintaining concentration, persistence and pace, and his reasoning is not clear. Because this matter is being remanded for reconsideration of Dr. Waraich's opinions, the ALJ is free to reconsider the moderate limitations opined by Dr. Banger and the potential effect on Vasquez's ability to perform his past relevant work.

### E. Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). At step one, "the ALJ must determine

whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found that Vasquez's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 16.

Second, when an ALJ concludes that a claimant is not malingering and has satisfied the first step, "the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation omitted); *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter*, 806 F.3d at 493 (citation omitted). "'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Id.* (citation omitted).

The ALJ found that Vasquez's statements were "not fully credible." AR 16. The ALJ relied primarily on three reasons: (1) Vasquez's statements as to why he stopped were not supported by the record; (2) Vasquez's statements were inconsistent with his daily activities; (3) the objective medical evidence did not support the severity of his subjective symptoms. AR 16-17.

The ALJ's clear and convincing reasons for discounting Vasquez's statements are supported by substantial evidence in the record. When asked why he stopped working as of April 30, 2013, Vasquez explained that he was diagnosed with prostate cancer and had to go to radiation. The ALJ responded that he was diagnosed in 2008. Vasquez said "Oh, okay" and "I'm confused." Vasquez then testified that he was feeling a lot of fatigue and pain in his joints in 2013. AR 32-33.

More significantly, Vasquez's testimony is inconsistent with his daily activities. Vasquez testified he does "nothing," "I don't do much." AR 42. He can walk for five or ten minutes, can't lift much or even open a bottle of soda. AR 43-45. On the other hand, as the ALJ noted, the record indicates that he reads, watches TV, goes to church on Sundays, and can lift about 10 pounds for short periods. AR 16-17, 187-188.

As discussed above, the objective medical evidence does not support the severity of Vasquez's alleged symptoms. Both Dr. Waraich and Dr. Banger opine that Vasquez is capable of a higher degree of functioning than Vasquez alleges for himself.

**F.     Relief**

Vasquez argues that the Medical Vocational Guidelines would direct a finding of disability if he is limited to sedentary work (Dr. Waraich's opinion) or if he is limited to light work and is precluded from performing his past relevant work, consistent with Dr. Waraich's limitation on handling. *See* AR 50 (vocational expert's testimony indicating past relevant work "probably" could not be performed if claimant were limited to handling 50% of the workday).

The decision whether to remand for further proceedings is within the discretion of the district court. *Treichler v. Comm'r*, 775 F.3d 1090, 1099 (9th Cir. 2014). When there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1101. However, where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.*

Remand is appropriate because there are outstanding issues to be resolved before a determination can be made.

# IV.
# ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for reconsideration of Vasquez's residual functional capacity and the opinions of Dr. Waraich and Dr. Banger.

DATED: September 18, 2017

_____
ALICIA G. ROSENBERG
United States Magistrate Judge